```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

| | |
|---|---|
| WILLIE L. PENN, JR.,           * | |
|                                * | |
|     Plaintiff,                 * | |
|                                * | |
| vs.                            * | CIVIL ACTION 07-00308-CB-B |
|                                * | |
| MICHAEL J. ASTRUE,             * | |
| Commissioner of Social         * | |
| Security,                      * | |
|                                * | |
|     Defendant.                 * | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action under 42 U.S.C.§ 405(g) seeking seeking judicial review of a final decision of the Commissioner of Social Security.  This action was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending before the Court is Defendant's Motion to Dismiss (Doc. 11)[1].  Upon  careful review of Defendant's motion and supporting memorandum, Plaintiff's response in opposition, and the record evidence, the undersigned recommends that Defendant's motion be GRANTED.

I.    **Procedural History**

Plaintiff Willie L. Penn, Jr. sought review before the Appeals Council of a decision denying his application for benefits under the Social Security Act. (Doc. 13).  On February 23, 2007, the Appeals Council issued a notice of its denial of Plaintiff's request for review.

---

[1]Also pending before the Court is Plaintiff's Motion requesting that the Court excuse the untimely service of process. (Doc. 9). Because the undersigned has recommended that Defendant's motion be granted, and that Plaintiff's complaint be dismissed on the ground that it was untimely filed, it is not necessary to address Plaintiff's motion.

(Id.)  According to Plaintiff's counsel, the notice was not received in his office until March 3, 2007, and upon receipt of the notice, the deadline for filing a civil action was inadvertently calendared for May 3, 2007, instead of April 30, 2007. (Id.)  Plaintiff's complaint was filed in this Court on May 3, 2007. (Doc. 1)

The Commissioner, on December 18, 2007, filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. 11).  The Commissioner argues that Plaintiff's complaint should be dismissed as untimely because it was filed more than 60 days after receipt of the final decision of the Commissioner.  In his response, Plaintiff acknowledges that his complaint was not timely filed, and requests that the Court toll the statute of limitations.  Plaintiff asserts that he will be forced to reapply and undergo the lengthy and cumbersome application process again if his claim is dismissed, and that he should not be punished for his counsel's "slight miscalculation." (Doc. 13).

42 U.S.C. § 405(g) provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or with such further time as the Commissioner of Social Security may allow.  Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia...

42 U.S.C. § 405(g).  The Eleventh Circuit has held that the doctrine of equitable tolling applies to the statute of limitations period embodied in § 405(g), and that a finding of extraordinary

2

circumstances is necessary before a court may equitably toll the SSA's statutory period.  Jackson v. Astrue, 506 F.3d 1349, 1353  (11th Cir. 2007).   In Jackson, the court indicated that in order to demonstrate extraordinary circumstances, the plaintiff must come forth with evidence establishing fraud, misinformation or deliberate concealment.  The plaintiff in Jackson presented evidence that she was proceeding pro se, that she had no legal training, and that she had attempted, in good faith, to timely file her complaint; however, she filed the complaint in the wrong court.  In rejecting the plaintiff's claim, the Jackson court found that the plaintiff was clearly notified that she was obligated to timely commence suit in federal court, and that she failed to come forth with any evidence which indicated that the Commissioner engaged in any act of affirmative misconduct in an effort to mislead her. Id at 1358.

In the case sub judice, Plaintiff has not alleged, let alone established, that the notice he received was somehow defective, or that there was any misconduct on the part of the Commissioner.  Plaintiff acknowledges that his complaint was untimely filed because of a calculating error made by his counsel.  These facts are not sufficient, under the standard set forth in Jackson, to establish equitable tolling. Accordingly, the undersigned recommends that Defendant's motion be GRANTED, and that Plaintiff's complaint be dismissed as untimely.

The attached sheet contains important information regarding objections to this report and recommendation.

**DONE** this **31st day of January, 2008.**

                                                **/s/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection.</u>**   Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to

this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

>      **/s / SONJA F. BIVINS**
> **UNITED STATES MAGISTRATE JUDGE**